# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                           )
v.                      )      I.D. No. 1212011142
                           )
                           )
HAROLD C. BISSOON,     )
                           )
        Defendant.     )

## ORDER

Submitted: June 2, 2022
Decided: July 22, 2022

**AND NOW TO WIT**, this 22nd day of July, 2022, upon consideration of Harold C. Bissoon ("Defendant")'s Motion for Modification of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.     On October 28, 2013, Defendant pled guilty to two counts of Robbery First Degree and one count of Conspiracy Second Degree.[1] Defendant's potential sentence under the plea agreement was a sentence between four to 52 years of incarceration. Additionally, the State agreed to cap its recommendation for Level V time at 18 years and agreed not to seek to have Defendant declared a habitual offender under 11 *Del. C.* § 4214(a) or (b).[2] On January 31, 2014, Defendant was

---

[1] *See* D.I. 37.
[2] *See id.*

sentenced to an aggregate of 30 years at supervision Level V, suspended after 15 years for decreasing levels of supervision on both counts of Robbery First Degree.[3]

2. Defendant has previously filed two Motions for Modification of Sentence.[4] Both were denied.[5]

3. On June 2, 2022, Defendant filed this present motion titled Motion for Sentence Review (the "Motion").[6] Defendant does not specifically cite to Superior Court Criminal Rule 35(b) in his Motion. However, since generally, "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence,"[7] the Court considers this request under Superior Court Criminal Rule 35(b).

4. In his Motion, Defendant requests he either be allowed to complete his Level V time in a Level IV facility as a facility worker or for two years Level IV Work Release.[8] Defendant also states he has attempted to seek relief through 11 *Del. C.* § 4217, which he asserts DOC has wrongfully declined to file.[9]

5. Rule 35 provides that "[t]he court *will not* consider repetitive

---

[3] For the Conspiracy Second Degree offense, Defendant was sentenced to two years at Level V, suspended for a period of probation. *See* D.I. 45.
[4] *See* D.I. 46; 83.
[5] *See* D.I. 47; 87.
[6] *See* D.I. 88 [hereinafter Motion].
[7] *Jones v. State*, 825 A.2d 238, 2003 WL 21210348, at *1 (Del. May 22, 2003) (Table).
[8] Motion, at 3–4.
[9] *Id.* at 1–3.

requests for reduction of sentence."[10] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[11] The bar to repetitive motions has no exceptions. It is absolute and flatly "prohibits repetitive requests for reduction of sentence."[12] Therefore, where Defendant has previously submitted Motions for Modification,[13] and where such motions were decided,[14] this motion is also barred as repetitive. The Court cannot use its discretion to ignore this bar.[15]

6. Moreover, under 11 *Del. C.* § 4217(b), "[t]he court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause shown . . . ."[16] It is not for this Court to direct the Department of Correction to file under § 4217.

---

[10] Del. Super. Ct. Crim R. 35(b) (emphasis added).

[11] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).

[12] *Thomas v. State*, 812 A.2d 900, 2002 WL 31681804, at *1 (Del. 2002) (Table); *see also Jenkins v. State*, 954 A.2d 910, 2008 WL 2721536, at *1 (Del. 2008) (Table) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238, 2004 WL 716773, at *2 (Del. 2004) (Table) (finding that defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").

[13] *See* D.I. 46; 83.

[14] *See* D.I. 47; 87.

[15] *Culp*, 152 A.3d at 145 (reversing the Superior Court's decision to grant defendant's Motion for Modification where the motion was repetitive and untimely).

[16] 11 *Del. C.* § 4217(b).

**IT IS SO ORDERED**, the Motion for Review of Sentence and accompanying

letter are **SUMMARILY DISMISSED.**

 

Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
       Department of Justice
       Investigative Services Office